| 2120 - Served | 2220 - Not Served | 2620 - Sec. of State |
|---|---|---|
| 2121 - Alias Served | 2221 - Alias Not Served | 2621 - Alias Sec. of State |

Summons    (Rev. 12/31/15) CCM N649

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### 2nd MUNICIPAL DISTRICT

CAROL BERKSON

v.

COSTCO WHOLESALE CORPORATION

Court Case No.: 2018-M2-000259
Amount Claimed: $ 100000.00
Appearance Filing/Return Date: ~~8/13/2018~~ 3-20-18
Status Date: 3/20/2018
Trial Date:
Time: 9:30 A.M.    Room: 0202

COSTCO WHOLESALE CORPORATION
208 SO. LASALLE ST.
SUITE 814
CHICAGO, IL 60604

Address of Defendant(s)

Additional Sheriff Information

Please serve as follows:    ☐ Certified Mail    ✓ Sheriff Service    ☐ Alias

## SUMMONS

To each Defendant:
YOU ARE SUMMONED and required:

1. To file your written appearance by yourself or your attorney and pay the required fee in:

☐ District 1: Richard J. Daley Center, 50 West Washington, Room 602; Chicago, IL 60602
✓ District 2: 5600 Old Orchard Rd., Rm 136; Skokie, IL 60077    District 5: 10220 S. 76th Ave., Rm 121; Bridgeview, IL 60455
☐ District 4: 1500 Maybrook Dr., Rm 236; Maywood, IL 60153

on    Tuesday, 13 February 2018    between the hours of 8:30 a.m. and 2:30 p.m.;

☐ District 3: 2121 Euclid, Rm 121; Rolling Meadows, IL 60008    District 6: 16501 S. Kedzie Pkwy., Rm 119; Markham, IL 60428
on    , before 9:00 a.m.

2. File your answer to the complaint before 9:00 a.m. as required by the applicable subsections of Paragraph 3 or 4 in the NOTICE TO THE DEFENDANT on the reverse side.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than three (3) days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 3 days before the day for appearance.

Atty. No.: 56423    THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

| Name: | BRYANT GOMEZ & ASSOC |
|---|---|
| Atty. for: | CAROL BERKSON |
| Address: | 3315 ALGONAQUIN #650 |
| City/State/Zip: | ROLLING MEADOWS, IL 60008 |
| Telephone: | (847) 440-3555 |
| Primary Email: | bgs@bgomezlaw.com |
| Secondary Email: | bgomez@bgomezlaw.com |
| Tertiary Email: | clee@bgomezlaw.com |

Witness:    Wednesday, 17 January    , 2018

/sDOROTHY BROWN, Circuit Court Clerk
Date of Service:    ,
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____    _____
(Area Code)    (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF COOK COUNTY, ILLINOIS

**EXHIBIT A**

Any person wishing to sue or defend a case as an indigent must petition the court to have the fees, costs, and charges associated with the proceedings waived.

Customers may visit www.cookcountyclerkofcourt.org to access the Clerk's filing fees or telephone the Civil Division at (312) 603-5116 with additional questions.

## NOTICE TO PLAINTIFF

You MUST select a return day of:
not less than 14 or more than 40 days after issuance of summons if amount claimed is $10,000 or less;
not less than 21 or more than 40 days after issuance of summons if amount claimed is in excess of $10,000.

## NOTICE TO DEFENDANT

1. If the complaint is notarized, your answer must be notarized.

For District 1 Cases Only:

2. On the specified Return Day, one of the following may occur:

   a. If you are sued for $10,000 or less, you need not file an answer unless ordered to do so by the Court.

      (i) If Plaintiff is not present, the case may be dismissed for want of prosecution.

      (ii) If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an exparte default judgment against you for the amount claimed.

      (iii) If you have filed an appearance and are present on Return Day, trial may be held that day, or may be set for another day certain.

   b. If you are sued for more than $10,000.00, and if you have filed your appearance on time, you must file your answer no later than 10 days after the appearance date (return date) specified on the front of this form. If you have not filed your appearance or answer on time, the Plaintiff may obtain an exparte default judgment against you for the amount claimed. If Plaintiff is not present for the Default call, the case may be dismissed for want of prosecution. If you filed your appearance and have not filed your answer on time the Plaintiff may motion the court to enter a judgment.

Late filing of an appearance or answer will not relieve you from a judgment or default order except by court order.

For District 2, 3, 4, 5 and 6 Cases:

4. If you are sued for more than $10,000, you have 10 days from the Return Day to answer or otherwise plea.

5. On the specified Return Day, if you are sued for $10,000 or less, you need not file an answer unless ordered to do so by the Court.

6. On the specified Status/Trial Day, one of the following may occur:

   a. If Plaintiff is not present, the case may be dismissed for want of prosecution.

   b. If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an ex parte default judgment against you for the amount claimed.

   c. If you have filed an appearance and are present on Status/Trial Day, trial may be held that day, or may be set for another day certain.

The following is applicable to District 3 cases only:

7. This case may/may not be heard on the day for apperance specified in summons.

   If the claim is for personal injury, or is a civil case in which Plaintiff has filed a jury demand, you will be required to file your appearance in person or by attorney Return Day, and your answer as required by Par. 2(b) above.

8. These cases will be assigned and heard in the Civil Jury Room _____ unless otherwise ordered by the Presiding Judge. Neither Plaintiff nor Plaintiff's attorney will be required to be present on Return Day. The case will be set for Status at 9:00 a.m., approximately 60 days from the date of filing. Plaintiff and Defendant will be required to appear in court on that status day.

9. Trial Rights of Property, Detinues, and Revivals of Judgment, Pro Se, and Forcible Detainer suits are returnable in Room _____ and are disposed of on a Return Day unless otherwise ordered by the Court.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



DOC.TYPE: SUMMONS
CASE NUMBER: 18M2000259
DEFENDANT
COSTCO WHOLESALE CORP
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

DIE DATE
03/13/2018

SERVICE INF
RTN 3/20/20·

ATTACHED

| 2120 - Served | 2220 - Not Served | 2620 - Sec. of State |
| --- | --- | --- |
| 2121 - Alias Served | 2221 - Alias Not Served | 2621 - Alias Sec. of State |

Summons  (Rev. 12/31/15) CCM N649

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### 2nd MUNICIPAL DISTRICT

CAROL BERKSON

v.

COSTCO WHOLESALE CORPORATION

Court Case No.: 2018-M2-000259
Amount Claimed: $ 100000.00
Appearance Filing/Return Date: ~~8/13/2018~~ 3-20-18
Status Date: 3/20/2018
Trial Date:
Time: 9:30 A.M.  Room: 0202

COSTCO WHOLESALE CORPORATION
208 SO. LASALLE ST.
SUITE 814
CHICAGO, IL 60604
Address of Defendant(s)

**Additional Sheriff Information**

Please serve as follows:  ☐ Certified Mail  ☑ Sheriff Service  ☐ Alias

### SUMMONS

To each Defendant:
YOU ARE SUMMONED and required:
 1. To file your written appearance by yourself or your attorney and pay the required fee in:
☐ District 1: Richard J. Daley Center; 50 West Washington, Room 602; Chicago, IL 60602
☑ District 2: 5600 Old Orchard Rd., Rm 136; Skokie, IL 60077   ☐ District 5: 10220 S. 76th Ave., Rm 121; Bridgeview, IL 60455
☐ District 4: 1500 Maybrook Dr., Rm 236; Maywood, IL 60153
on  Tuesday, 13 February 2018  , between the hours of 8:30 a.m. and 2:30 p.m.;

☐ District 3: 2121 Euclid, Rm 121; Rolling Meadows, IL 60008   ☐ District 6: 16501 S. Kedzie Pkwy., Rm 119; Markham, IL 60428
on _____, before 9:00 a.m.

 2. File your answer to the complaint before 9:00 a.m. as required by the applicable subsections of Paragraph 3 or 4 in the NOTICE TO THE DEFENDANT on the reverse side.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:
 This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than three (3) days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.
 This summons may not be served later than 3 days before the day for appearance.

Atty. No.: 56423   THERE WILL BE A FEE TO FILE YOUR APPEARANCE.
Name: BRYANT GOMEZ & ASSOC
Atty. for: CAROL BERKSON
Address: 3315 ALGONAQUIN #650
City/State/Zip: ROLLING MEADOWS, IL 60008
Telephone: (847) 440-3555
Primary Email: bgs@bgomezlaw.com
Secondary Email: bgomez@bgomezlaw.com
Tertiary Email: clee@bgomezlaw.com

Witness:  Wednesday, ~~17 January~~ , 2018

/s DOROTHY BROWN, Circuit Court Clerk
Date of Service: _____,
(To be inserted by officer on copy left with Defendant or other person)
**Service by Facsimile Transmission will be accepted at:

(Area Code) _____ (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 2

(10/06/09) CCM N649

Any person wishing to sue or defend a case as an indigent must petition the court to have the fees, costs, and charges associated with the proceedings waived.

Customers may visit www.cookcountyclerkofcourt.org to access the Clerk's filing fees or telephone the Civil Division at (312) 603-5116 with additional questions.

## NOTICE TO PLAINTIFF

You MUST select a return day of:
not less than 14 or more than 40 days after issuance of summons if amount claimed is $10,000 or less;
not less than 21 or more than 40 days after issuance of summons if amount claimed is in excess of $10,000.

## NOTICE TO DEFENDANT

1. If the complaint is notarized, your answer must be notarized.

For District 1 Cases Only:

2. On the specified Return Day, one of the following may occur:

   a. If you are sued for $10,000 or less, you need not file an answer unless ordered to do so by the Court.

      (i) If Plaintiff is not present, the case may be dismissed for want of prosecution.

      (ii) If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an exparte default judgment against you for the amount claimed.

      (iii) If you have filed an appearance and are present on Return Day, trial may be held that day, or may be set for another day certain.

   b. If you are sued for more than $10,000.00, and if you have filed your appearance on time, you must file your answer no later than 10 days after the appearance date (return date) specified on the front of this form. If you have not filed your appearance or answer on time, the Plaintiff may obtain an exparte default judgment against you for the amount claimed. If Plaintiff is not present for the Default call, the case may be dismissed for want of prosecution. If you filed your appearance and have not filed your answer on time the Plaintiff may motion the court to enter a judgment.

Late filing of an appearance or answer will not relieve you from a judgment or default order except by court order.

For District 2, 3, 4, 5 and 6 Cases:

4. If you are sued for more than $10,000, you have 10 days from the Return Day to answer or otherwise plea.

5. On the specified Return Day, if you are sued for $10,000 or less, you need not file an answer unless ordered to do so by the Court.

6. On the specified Status/Trial Day, one of the following may occur:

   a. If Plaintiff is not present, the case may be dismissed for want of prosecution.

   b. If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an ex parte default judgment against you for the amount claimed.

   c. If you have filed an appearance and are present on Status/Trial Day, trial may be held that day, or may be set for another day certain.

The following is applicable to District 3 cases only:

7. This case may/may not be heard on the day for apperance specified in summons.

   If the claim is for personal injury, or is a civil case in which Plaintiff has filed a jury demand, you will be required to file your appearance in person or by attorney Return Day, and your answer as required by Par. 2(b) above.

8. These cases will be assigned and heard in the Civil Jury Room _____ unless otherwise ordered by the Presiding Judge.

   Neither Plaintiff nor Plaintiff's attorney will be required to be present on Return Day. The case will be set for Status at 9:00 a.m., approximately 60 days from the date of filing. Plaintiff and Defendant will be required to appear in court on that status day.

9. Trial Rights of Property, Detinues, and Revivals of Judgment, Pro Se, and Forcible Detainer suits are returnable in Room _____ and are disposed of on a Return Day unless otherwise ordered by the Court.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 2 of 2



DOC.TYPE: SUMMONS
CASE NUMBER: 18M2000259
<u>DEFENDANT</u>
COSTCO WHOLESALE CORP
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

DIE DATE
03/13/2018

SERVICE INF
RTN 3/20/20'

**ATTACHED**

Case: 1:18-cv-02598 Document #: 1-1 Filed: 04/11/18 Page 7 of 19 PageID #:10
From: Nayeli Vazquez    Fax: (847) 440-3555    To:    Fax: (847) 470-5049    Page 6 of 21 02/28/2018 11:10 AM

ELECTRONICALLY FILED
1/17/2018 8:26 PM
2018-M2-000259
ROOM: 0202
PAGE 1 of 13
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
MUNICIPAL DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, SECOND DIVISION

| | |
|---|---|
| CAROL BERKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. ) |
| COSTCO WHOLESALE CORPORATION | ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, CAROL BERKSON (hereinafter, the "Plaintiff" or "Berkson"), by and through her attorneys, Bryant Gomez and Associates, LLC, and for her Complaint, states as follows:

### PARTIES

1. Berkson is an individual residing in the County of Cook, State of Illinois.

2. COSTCO WHOLESALE CORPORATION (hereinafter, "Costco"), is a corporation, incorporated in the State of Washington, and doing business in the state of Illinois.

### JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action, pursuant to Section 2-209(a)(3) and (7) of the Illinois Code of Civil Procedure, because it arises from the ownership, use, or possession of real estate situated in the State.

4. Venue is proper in the Circuit Court of Cook County, Second District, Illinois, pursuant to Section 2-101 of the Illinois Code of Civil Procedure, because Costco's premises at issue are located in the County of Cook, State of Illinois, within the Second District.

### FACTS

5. On April 19, 2016, the Plaintiff travelled to the Costco store located at 2900 Patriot Blvd, Glenview, IL 60026 (the "Store").

6. Plaintiff arrived at the Store in the late afternoon and began her shopping trip inside the Store.

7. Shortly after entering the Store, Berkson's shopping cart was suddenly, and without warning, notice, or consent, struck by an unknown individual's industrial-size cart, a flatbed, and/or a large box protruding from said industrial-size cart or the flatbed (hereinafter, collectively referred to as the "Flatbed").

8. The collision pulled Berkson to the side and caused her to collapse to the floor, resulting in Berkson's injuries and disorientation.

9. Although Costco denies this fact, upon information and belief, the individual that struck Berkson with the Flatbed was a Costco employee, as Costco has failed and/or refused to produce the name and information of its member who purportedly struck her.

10. Moreover, the individual that struck Berkson with the Flatbed cannot be identified due to Costco's and/or its agents' actions and/or, upon information and belief, Costco's failure to properly preserve evidence.

11. As a result of the collision, the Plaintiff was thrown to the ground and became disoriented.

12. Costco employees approached the Plaintiff and attempted to get Plaintiff standing on her feet.

13. Instead of attempting to determine what happened and giving Berkson some space to recover from her fall, the Costco agents and/or employees repeatedly stated, "Costco is not responsible" over and over to the Plaintiff.

ELECTRONICALLY FILED
1/17/2018 8:26 PM
2018-M2-000259
PAGE 2 of 13

2

ELECTRONICALLY FILED
1/17/2018 8:26 PM
2018-M2-000259
PAGE 3 of 13

14. Shortly after the incident at issue, one of Costco's agents or employees dialed 911 in order to make a police report; however, for unknown reasons, he falsely indicated to the dispatcher that Berkson refused an ambulance.

15. As she was sitting in pain in the middle of the Store, waiting for help, surrounded by unhelpful Costco staff, Berkson called her daughter, Lisa Bernstein ("Lisa"), and informed her of the situation and that she needed help and an ambulance.

16. Lisa's husband, Bruce Bernstein ("Bruce") called 911, while Lisa was on the phone with her mother, and was informed by the dispatcher that an ambulance was not dispatched because someone at the Store indicated to them that an ambulance was not needed.

17. Bruce corrected the situation by requesting an ambulance for his elderly mother-in-law, Berkson, who was not even able to get up and leave the Store.

18. Nearly an hour after the initial incident and after nearly an hour of humiliation resulting from having to sit in pain, in a chair in the middle of the Store, near the entrance, Berkson was moved to the loss prevention office, in a wheelchair.

19. Shortly thereafter, due to the severe injuries she suffered, Berkson was taken to the Glenbrook Hospital Emergency Room, by the Glenview Fire Department Ambulance.

20. As a direct and proximate result of one or more of the negligent and/or reckless acts and omissions of Defendant, the Plaintiff did suffer serious and disabling injuries which were personal, permanent, and pecuniary in nature, for which she has received medical treatment, and for which she has incurred medical care and treatment expenses.

21. Further, as a direct and proximate result of one or more of the foregoing negligent and/or reckless acts and omissions of the Defendant, the Plaintiff may incur further medical

3

expenses based upon a reasonable medical probability for necessary and reasonable medical treatment, all to her losses, in an amount to be established at trial.

22. Additionally, as a direct and proximate result of one or more of the negligent and reckless acts and/or omissions of the Defendant, the Plaintiff has experienced pain and suffering, mental and emotional anguish, impairment of her ability to enjoy life, and physical functional impairment, for which she is entitled to recover general damages, for these and all other general losses, present, past, and future.

## COUNT I – PREMISES LIABILITY

23. Plaintiff re-alleges and re-states paragraphs 1-22, as if fully set forth herein.

24. Upon information and belief, Costco, as the owner and operator of the Store in which the Plaintiff was injured, was in complete control of the Store at the time Plaintiff was injured.

25. There was an unreasonable risk of harm to the Plaintiff when, upon information and belief, she was injured by another Costco customer, when he or she knocked the Plaintiff over with a loaded Flatbed carrying an oversized piece of merchandise, without any assistance from Costco staff, in an environment filled with Costco customers.

26. Indeed, Costco prides itself on the "warehouse environment" that it creates in its stores, without any disclosure to its invitees that they are entering a dangerous environment where they can be injured by large moving objects, ambulating about the premises, without warning of their arrival or presence.

27. To that end, Costco's customers are encouraged to use flatbeds and/or other means to move large TVs, furniture, appliances, and other items, across the Store, on their own, without any assistance from Costco's staff.

ELECTRONICALLY FILED
1/17/2018 8:26 PM
2018-M2-000259
PAGE 4 of 13

28. At the time Berkson was seriously injured, Costco knew or should have known, as the owner and operator of the Store, that customers would be traveling down the aisles of the Store while other customers, were using flatbeds, carts, or other mechanisms to move large parcels of merchandise, and that this could cause an unreasonable risk of harm to Costco customers in the Store.

29. Costco should have anticipated and foreseen that its customers, including the Plaintiff, would not realize the danger they would be placing themselves in by shopping in a store in which other inexperienced customers would be moving large items during normal business hours, with other customers in the Store.

30. Upon information and belief, Costco's unknown customer knocked down the Plaintiff, as a direct result of Costco's institution of dangerous "warehouse environment" policies in the Store and its failure to eliminate the dangers of placing flatbeds and large industrial carts into the hands of ordinary consumers.

31. Specifically, upon information and belief, the unknown customer was permitted to move the Flatbed with a large box on it, that blocked his or her view and resulted in a collision with Berkson.

32. Alternatively, due to the size and weight of the Flatbed and merchandise loaded onto it, said customer was unable to operate the Flatbed on his own and without any assistance from Costco employees.

33. The Plaintiff would not have been injured but for Costco's actions in creating a dangerous environment at its premises (*i.e.* the Store) where customers are required to move large items using various means and devices, within the confines of a busy store filled with other Costco customers.

ELECTRONICALLY FILED
1/17/2018 8:26 PM
2018-M2-000259
PAGE 5 of 13

5

ELECTRONICALLY FILED
1/17/2018 8:26 PM
2018-M3-000259
PAGE 5 of 13

**WHEREFORE**, the Plaintiff, CAROL BERKSON, respectfully requests that this Court:

A. Find the Defendant, COSTCO WHOLESALE CORPORATION, liable for Plaintiff's injuries;

B. Award the Plaintiff damages in an amount to be determined at trial;

C. Award the Plaintiff, CAROL BERKSON, court costs; and

D. Grant any such further relief that this Court deems just under the circumstances.

### COUNT II – PREMISES LIABILITY (Pled in the Alternative)

34. Plaintiff re-alleges and re-states paragraphs 1-22, as if fully set forth herein.

35. Upon information and belief, Costco, as the owner and operator of the Store in which the Plaintiff was injured, was in complete control of the Store at the time Plaintiff was injured.

36. There was an unreasonable risk of harm to the Plaintiff when, upon information and belief, she was injured by one of Costco's employees, when he or she knocked the Plaintiff over with a loaded Flatbed carrying an oversized piece of merchandise, in an environment filled with Costco customers.

37. At the time Berkson was seriously injured, Costco knew or should have known, as the owner and operator of the Store, that customers would be traveling down the aisles of the Store while its employees were using flatbeds, carts, and/or other means to move large parcels of merchandise, and that this could cause an unreasonable risk of harm to Costco customers in the Store.

38. At the time Berkson was seriously injured, Costco should have anticipated that its customers, including the Plaintiff, would not realize the danger they would be placing themselves

6

in by shopping in a store in which Costco employees would be moving large items during normal business hours, with other customers in the Store.

39. That, upon information and belief, Costco's employee negligently knocked down the Plaintiff as a direct result of Costco's implementation of policies in the Store that allow movement of large items and machinery within the confines of a store filled with customers, during normal business hours.

40. Specifically, upon information and belief, the unknown Costco employee was permitted to move the Flatbed with a large box on it, that blocked his or her view and resulted in a collision with Berkson.

41. Plaintiff would not have been injured but for Costco's actions in creating a dangerous environment where employees are required to move large items across a busy store.

**WHEREFORE**, the Plaintiff, CAROL BERKSON, respectfully requests that this Court:

D. Find the Defendant, COSTCO WHOLESALE CORPORATION, liable for Plaintiff's injuries;

E. Award the Plaintiff, CAROL BERKSION, damages in an amount to be determined at trial;

F. Award the Plaintiff, CAROL BERKSON, court costs; and

C. Grant any such further relief that this Court deems just under the circumstances.

**COUNT III – NEGLIGENCE (*Respondeat Superior*, Pled in the Alternative)**

42. Plaintiff re-alleges and re-states paragraphs 1-22, as if fully set forth herein.

43. Costco, its employees, and agents had a duty of ordinary care to the Plaintiff, as an invitee of the Store, to prevent the Plaintiff from being injured while she was shopping at the Store.

ELECTRONICALLY FILED
1/17/2018 8:26 PM
2018-M2-000259
PAGE 7 of 13

7

ELECTRONICALLY FILED
1/17/2018 8:26 PM
2018-M2-000259
PAGE 3 of 13

44. Upon information and belief, Costco's employee, who was acting within the scope of his or her employment for Costco, breached said duty and was negligent in one or more of the following ways:

    a. Travelling through a crowded store with oversized merchandise;

    b. Travelling through a crowded store, with oversized merchandise, at a rate of speed that was too fast for conditions within the store;

    c. Failing to maintain a proper lookout for Costco's customers;

    d. Failing to slow down to avoid a collision with Berkson;

    e. Failing to be careful and attentive while moving a large item within a crowded store;

    f. Failing to maintain a safe distance between the loaded Flatbed and Costco customers, including Berkson;

    g. Failing to warn and/or alert Berkson that she was in the way of the Flatbed;

    h. Failing to reduce the speed of the Flatbed to avoid a collision with Berkson;

    i. Failing to take appropriate and sufficient evasive action to avoid striking Berkson; and/or

    j. Otherwise failing to operate, manage, maintain and control the aforesaid Flatbed, in a safe and suitable manner.

45. As a direct and proximate result of one ore or more of the foregoing negligent and/or reckless acts, and/or omissions of Costco's employees, Berkson did suffer serious and disabling injuries and damages.

46. That Costco could easily have prevented Plaintiff's injuries by revising its policies and procedures in moving merchandise during business hours, with customers in the Store.

ELECTRONICALLY FILED
1/17/2018 8:26 PM
2018-M2-000259
PAGE 9 of 13

47. That Costco would not have been prejudiced by revising the practice or procedure of merchandise relocation during business hours.

48. That Costco is liable for the actions of its employees, who acted negligently within the scope of their employment for Costco, or at the direction of Costco.

**WHEREFORE**, the Plaintiff, CAROL BERKSON, respectfully requests that this Court:

A. Find the Defendant, COSTCO WHOLESALE CORPORATION, liable for Plaintiff's, injuries;

B. Award the Plaintiff, CAROL BERKSION, damages in an amount to be determined at trial;

C. Award the Plaintiff, CAROL BERKSON, court costs; and

D. Grant any such further relief that this Court deems just under the circumstances.

### COUNT IV - SPOLIATION OF EVIDENCE (Pled in the Alternative)

49. Plaintiff re-alleges and re-states paragraphs 1-22, as if fully set forth herein.

50. At the time Berkson was injured, Costco had multiple security cameras around the store, some of which covered the area where Berkson was struck by the Flatbed.

51. On the same day that Berkson was taken to the emergency room and shortly after she was seriously injured, Berkson's son-in-law, Bruce Bernstein, arrived at the Store, spoke to Costco's employees and agents, and requested that the security camera footage and any and all other evidence associated with Berkson's injuries be preserved.

52. Upon information and belief, Costco either failed to turn on its surveillance camera(s) on the day of the subject incident, destroyed part, or all, of the footage of Berkson in the Store, or failed to otherwise preserve any footage of Berkson in the Store, against any operating

9

procedures it may have had regarding the operation of security cameras and preservation of footage generated therefrom, at the premises in question.

53. Costco had a duty to preserve all security camera footage that was recorded during the date and time of the Plaintiff's injury.

54. Costco had a duty to preserve all other evidence associated with Berkson's injuries at the Store.

55. Costco was in complete control and ownership of the security camera system which, upon information and belief, recorded the incident which injured the Plaintiff.

56. Costco was in complete control and ownership of other evidence, such as notes and communications, that were taken down or made by its employees or agents and receipts reflecting transactions with third parties that may have caused Berkson's injuries, in connection with subject incident at the Store.

57. A reasonable person would have foreseen that security camera video footage for the date and time of the Plaintiff's injury would be material to a potential civil action brought as a result of the incident which injured the Plaintiff.

58. A reasonable person would have foreseen that other evidence, such as notes, memoranda, transcripts, and receipts, for the date and time of the Plaintiff's injury would be material to a potential civil action brought as a result of the incident which injured the Plaintiff.

59. In fact, upon information and belief, Costco, even voluntarily undertook the duty to preserve evidence and selectively preserved certain evidence in preparation for potential future litigation. A true and correct copy of the letter sent on behalf of Costco referencing evidence that it preserved is attached hereto as **Exhibit A**.

ELECTRONICALLY FILED
1/17/2018 8:26 PM
2018-M2-000259
PAGE 10 of 13

ELECTRONICALLY FILED
1/17/2018 8:26 PM
2018-M2-000259
PAGE 11 of 13

60. Upon information and belief, Costco has negligently or willfully destroyed and/or otherwise failed to preserve security camera footage and other relevant evidence that it had in its possession in connection with the incident that resulted in Berkson's serious injuries.

61. In the alternative, Costco failed to institute policies or procedures to prevent the negligent disposal of security camera footage, negligent operation of any security cameras, or security camera systems, and/or other relevant evidence, which prejudiced the Plaintiff.

62. Specifically, the Plaintiff is not able to determine who was operating the Flatbed when it struck her at the Store and caused her to suffer from serious debilitating injuries.

63. Because of Costco's negligent and/or willful acts or omissions, the Plaintiff is unable to prove her case against Costco and/or an unknown third party.

**WHEREFORE**, the Plaintiff, CAROL BERKSON, respectfully requests that this Court:

A. Find the Defendant, COSTCO WHOLESALE CORPORATION, liable for Plaintiff's injuries;

B. Award the Plaintiff, CAROL BERKSION, damages in an amount to be determined at trial;

C. Award the Plaintiff, CAROL BERKSON, court costs; and

D. Grant any such further relief that this Court deems just under the circumstances.

Respectfully Submitted,

/s/ Boris Samovalov
One of Plaintiff's Attorneys

Boris G. Samovalov/Kevin Cruz
Bryant Gomez and Associates – Atty No. 56423
3315 Algonquin Rd. #650
Rolling Meadows, IL 60008
P: (847) 440-3555/F: (847) 440-3556
bgs@bgomezlaw.com / kcruz@bgomezlaw.com

11

## AFFIDAVIT IN COMPLIANCE WITH SUPREME COURT RULE 222

You are hereby put on notice that the amount being sought by this action does exceed the sum of fifty thousand dollars ($50,000), and that this action shall not be governed by Illinois Supreme Court Rule 222 with respect to Limited and Simplified Discovery. Under penalties provided by law, pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in the Affidavit of Compliance with Supreme Court Rule 222 are true and correct, except for matters stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that she verily believes the same to be true.

*Carol Berkson*
Carol Berkson

ELECTRONICALLY FILED
1/17/2018 8:26 PM
2018-M2-000259
PAGE 2 of 13

  Gallagher Bassett Services, Inc.    

ELECTRONICALLY FILED
1/17/2018 8:26 PM
2018-M2-000259
PAGE 13 of 13

January 24, 2017

Via Fax and Mail

Bryant Gomez & Associates
5105 Tollview Drive, Ste. 130
Rolling Meadows, IL 60008

RE:    Client:   Costco Wholesale Corporation
       Date of Accident:   04/19/2016
       File No.:   003632-448991-GB-01
       Claimant:   Carol Berkson

Dear, Attorney Samovalov

Gallagher Bassett Services, Inc. is the third party administrator handling this claim on behalf of Costco Wholesale Corporation. Costco Wholesale Corporation is self-insured and does not carry any type of medical payment coverage.

This letter is in response to your correspondence dated 01/18/2017. Unfortunately, I am unable to release any evidence related to this incident. However, any and all evidence has been properly secured and is part of the claim file.

Sincerely,

Freda Edwards
Senior Resolution Manager
630.282.2441
Freda_Edwards@gbtpa.com

.P.O. Box 6330
Oakbrook Terrace, IL 60181
Office (630) 282-1200
Fax (630) 932-9111



EXHIBIT A