**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CAROL BERKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 18-CV-2598 |
| v. ) | |
| ) | Hon. John J. Tharp, Jr. |
| COSTCO WHOLESALE CORP., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT COSTCO WHOLESALE CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

NOW COMES the defendant, COSTCO WHOLESALE CORPORATION (referred to hereinafter as "Costco"), by and through its attorney, BRADLEY C. NAHRSTADT of the Law Firm of LIPE LYONS MURPHY NAHRSTADT & PONTIKIS, LTD., pursuant to Rule 56 of the Federal Rules of Civil Procedure and for its Memorandum of Law in Support of Its Motion for Summary Judgment, states as follows:

### I. FACTS

The plaintiff, Carol Berkson, went shopping at the Glenview, Illinois Costco on April 19, 2016. (Costco's Statement of Undisputed Facts, ¶¶ 2, 13). The plaintiff was alone when she entered the store. (*Id.,* ¶ 14). She obtained a shopping cart when she entered the store and headed toward the food aisles. (*Id.,* ¶¶ 15, 16). The plaintiff headed diagonally through the section of the store where the televisions are displayed in order to get to the area of the store where the food items are displayed for purchase. (*Id.,* ¶ 17).

At the time of the accident in question, the plaintiff was pushing her cart, looking straight ahead of her. (*Id.,* ¶ 18). As the plaintiff was making her way to the food aisles, another individual collided with her cart and she fell, injuring herself. (*Id.*). The person who struck the

plaintiff was allegedly pushing a flatbed cart with a large box on it. (*Id.,* ¶ 19). The person who struck the plaintiff 's cart came from the plaintiff's left hand side and ran into the plaintiff's cart. (*Id.*). The plaintiff did not see the other cart coming at her before the other cart actually made contact with her cart. (*Id.,* ¶ 20). The plaintiff does not know if anyone other than herself and the person who hit her saw the accident. (*Id.,* ¶¶ 23-24).

After the accident in question, the plaintiff saw the person who struck her cart in the check out lanes of the store. (*Id.,* ¶ 21). The plaintiff spoke to three employees of Costco after the accident. (*Id.,* ¶ 22). The plaintiff told at least two of those employees, Ira Gerber and Vivian Gabriel, that the person who was pushing the cart that ran into her was another customer. (*Id.,* ¶¶ 35, 41). The plaintiff told her daughter on the day of the accident that the person who was pushing the cart that ran into her was another customer. (*Id.,* ¶ 31). The plaintiff told the investigating police officer on the day of the accident that while she was pushing a shopping cart towards the exit, another customer ran into her with a shopping cart. (*Id.,* ¶ 66).

None of the Costco personnel who were deposed in this case were aware of another incident at the Glenview Costco where a customer's cart was struck by another cart. (*Id.,* ¶ 36, 42). On January 8, 2013, more than three years before the plaintiff's accident, a customer was struck in the leg by a cart being pushed by another customer. (*Id.,* ¶ 68). There is no evidence of where that prior incident took place, what type of cart was involved, the circumstances of that other incident or whether anyone was injured in the previous event. None of the Costco employees had received complaints prior to the plaintiff's accident about the flatbed carts or about the store's procedures regarding how items are moved around the store. (*Id.,* ¶ 42).

Vivian Gabriel, the front end manager or membership manager at the time of the plaintiff's accident, worked for Lowe's and Menard's prior to working at Costco. (*Id.,* ¶ ¶ 38-

{00314598}

39).  Customers at Lowe's and Menard's, like customers at Costco, were allowed to place larger items on or in their carts and move them to the register to check out.  (*Id.* ¶¶ 36, 38-39).  Gabriel had never heard of anyone at Lowe's or Menard's being injured as a result of moving large items across the store or as a result of using carts or flatbeds.  (*Id.,* ¶¶ 38-39).

There are security cameras located inside the Glenview Costco.  (*Id.,* ¶ 44).  The security cameras inside the store have been moved around since the day of the plaintiff's accident and no one from Costco knows where the security cameras were located at the time of the plaintiff's accident.  (*Id.,* ¶¶ 40, 44-45, 52, 54).  What the Costco personnel do know is that there was no video camera pointed toward the area where the plaintiff's accident took place and plaintiff's accident was not captured on video.  (*Id.,* ¶¶ 48-50; 55-57; 67).  Larry Solsnes, the general manager of the Glenview Costco, and Darras Miller, the loss prevention employee at the Glenview Costco, reviewed the video footage from the day of the plaintiff's accident and determined that it was not captured on film.  (*Id.* ¶ 55).

Chelsea Esposito worked as an adjuster for Gallagher Bassett, handling claims for Costco, in 2016.  (*Id.,* ¶ 58).  Esposito handled the claim involving the plaintiff.  (*Id.,* ¶ 62).  As part of the claims handling process, Esposito would ask the warehouse to verify if there was video footage of any incident she was investigating.  (*Id.,* ¶ 60).  Esposito did that in this case and there was no video footage of the plaintiff's accident.  (*Id.,* ¶ 63).

There are, on average, 3,500 members who patronize the Glenview Costco on a daily basis.  (*Id.,* ¶ 69).  One million two hundred thousand (1,200,000) members patronize the Glenview Costco each year.  (*Id.*).

Costco provided plaintiff's counsel with the identities of the only customers who purchased large televisions near the time of the plaintiff's accident.  (*Id.,* ¶ 70).

II. **ARGUMENT**

A. **The Defendant is Entitled to Summary Judgment on Count I of the Plaintiff's Complaint**

In order to recover under a negligence theory, a plaintiff must offer evidence which establishes that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was a proximate cause of the plaintiff's injuries. *Ward v. K Mart Corp.,* 136 Ill.2d 132, 554 N.E.2d 223 (1990). The existence of a duty and the range of protection of that duty in a particular case are questions of law to be resolved by the court. *Id.* The resolution of these questions depends on whether the defendant and the plaintiff stood in such a relationship to one another that the law imposed upon the defendant an obligation to act reasonably for the benefit of the plaintiff. *Loomis v. Granny's Rocker Nite Club,* 250 Ill.App.3d 753, 620 N.E.2d 664 (5th Dist. 1993). In determining whether a duty exists in a specific case, a court must weigh the foreseeability of the injury, the likelihood of the injury, the magnitude of guarding against it and the consequences of placing the burden upon the defendant. *Ziemba v. Mierzwa,* 142 Ill.2d 42, 566 N.E.2d 1365 (1991).

*Cobb v. Martin IGA & Frozen Food Center,* 337 Ill.App.3d 306, 785 N.E.2d 942 (5th Dist. 2003), *distinguished by Marshall v. Burger King Corp.,* 856 N.E.2d 1048 (2006), is a case remarkably similar to this one. In Cobb, the plaintiff, who was shopping in the Martin IGA, was injured when a child ran into her with a grocery cart that he was pushing. The plaintiff filed suit against the grocery store, alleging that the defendant negligently failed to supervise the delivery of carts to its customers, negligently failed to supervise the operation of carts by customers and others on the premises and negligently adopted and followed a policy of permitting children to

operate shopping carts. The trial court entered summary judgment in the defendant's favor and the plaintiff then appealed.

In affirming the entry of summary judgment in favor of the defendant, the appellate court stated the following:

> Defendant was the possessor of the premises where the plaintiff was injured. Plaintiff had an 'invitation' to enter defendant's business to buy groceries, since the store was open to the public. Accordingly, plaintiff's status was that of a business invitee to whom defendant owed a duty of reasonable care…However, that does not make defendant an insurer of its customers' safety…The general duty of reasonable care does not extend to all risks of harm encountered by invitees while on the defendant's premises…The duty owed by a possessor of land to a business invitee is not absolute…The creation of a legal duty requires more than the possibility of an occurrence…'No man can be expected to guard against harm from events which are not reasonably to be anticipated at all [] or are so unlikely to occur that risk, although recognizable, would be commonly disregarded.' *Anderson,* 132 Ill.App.3d at 583, 87 Ill.Dec. 871, 478 N.E.2d at 13 (quoting W. Prosser, Torts § 31, at 146 (4th ed. 1971)).
>
> In this case, plaintiff did not present evidence to show that defendant had notice of previous incidents similar to that involved in this case so as to give rise to a duty to protect her from an unsupervised child with a shopping cart. According to the testimony of the store manager, defendant had no record of prior incidents or complaints involving children running recklessly with shopping carts in any of the defendant's stores, including the Effingham store. Plaintiff, a regular customer of the Effingham store, testified that she had not witnessed unsupervised children with shopping carts running around the store and that she had not heard anyone complain of such conduct prior to the August 1997 incident. There is no evidence to show that defendant had notice that such incidents were reasonably likely to occur. In order for a plaintiff to establish a reasonable foreseeability for the purpose of proving the existence of a legal duty, it is not sufficient to show that an occurrence was conceivable or merely possible; the occurrence must be 'objectively reasonable to expect.' *Anderson,* 132 Ill.App.3d at 583, 87 Ill.Dec. 871, 478 N.E.2d at 13. In this case, there is no evidence to show that the incident was reasonably foreseeable. Based upon the record, we conclude that defendant had no duty to protect plaintiff from the type of harm she suffered under the circumstances of this case.

*Cobb,* 337 Ill.App.3d at 314, 785 N.E.2d at 948-949 (2003).

This case is even more tenuous than *Cobb*. In this case, there is not a scintilla of evidence that the accident in question was caused because another customer was moving a large object around the store by himself. Although there is some testimony that there was a large television on the flatbed cart that was being operated by the other customer, there is no evidence that the television struck the plaintiff, that the television made it difficult for the other customer to see where he was going or that the television affected the other customer's operation of the cart in a way. The plaintiff is speculating that the defendant's policy of allowing customers to move large objects to the check out lines by themselves caused this accident. Since liability in a negligence action cannot be predicated upon surmise or conjecture regarding the cause of the injury, *Barham v. Knickrehm,* 277 Ill.App.3d 1034, 661 N.E.2d 1166 (3rd Dist. 1996), judgment should be entered in the defendant's favor as to Count I.

Just as importantly, there is no evidence that anyone ever complained to Costco about the movement of large items around the warehouse or that anyone other than the plaintiff had ever been injured as a result of other customers pushing large merchandise on flatbed carts. Although there is evidence that more than three years before the plaintiff's incident, a customer was struck in the leg by a customer pushing another cart, there is no evidence that anyone was injured in that incident, there is no evidence that the cart involved was a flatbed cart, there is no evidence that bulky merchandise played a role in causing that accident, there is no evidence concerning the circumstances of that other incident. In short, there is a complete lack of evidence in this case that the defendant had notice of previous incidents similar to the one the plaintiff was involved in and no evidence to show that the defendant had notice that such incidents were likely to occur. Without such evidence, the plaintiff cannot establish that the defendant owed the

plaintiff a duty to protect her from the injuries suffered in this case and summary judgment should be entered in favor of the defendant on Count I of the plaintiff's complaint.

In *Rosales v. Menard, Inc.,* 2018 WL 2299232 (N.D. Ill. 2018), the plaintiff was shopping at a Menards when she stumbled over wood protruding from a shopping cart and fell to the ground. Menards offered three different types of carts for customers to use: rail carts, panel carts and flat carts. Menards did not provide instructions as to which carts should be used for specific items and posted no signs prohibit the use of shopping carts to transport lumber. Following the completion of discovery in the case, Menards moved for summary judgment. In granting summary judgment to the defendant, Judge Ellis noted the following:

> …Rosales argues that Menards made certain policy decisions that created consistently dangerous tripping hazards throughout its store by allowing customers to transport two-by-fours from the sales floor to cashiers. She contends that by allowing customers to transport two-by-fours from the sales floor to the cashiers but not having carts that could fully accommodate these two-by-fours, Menards should have known it was creating potential tripping hazards. She claims Menards further contributed to these hazards by failing to provide signage about the dangers of transporting two-by-fours and by not providing flags or warnings to customers to watch for two-by-fours protruding from carts.
>
> Rosales essentially argues that Menards should not have allowed customers to transport two-by-fours on their own and that, by allowing them to do so, Menards should be charged with knowledge of any tripping hazards in its stores that resulted from customers transporting lumber. But in arguing that Menards' policies placed Menards on constructive notice of the hazard at issue in this case, Rosales urges a heightened standard of 'continuous monitoring and patrolling of a store's safety conditions that [the Seventh Circuit] and Illinois courts have summarily rejected.' *Zuppardi*, 770 F.3d at 652; *Peterson v. Wal-Mart Stores, Inc.*, 241 F.3d 603, 604 (7th Cir. 2001) ("Satisfaction of the . . . duty of inspection and clean up[ ] does not require continuous patrolling of the aisles."); *Gutterman v. Target Corp.*, 242 F. Supp. 3d 695, 703-04 (N.D. Ill. 2017) (finding that requiring a retailer to patrol various items "that could cause harm if used improperly by customers while browsing" was too high of a burden). Because such a high standard does not apply here and cannot create a genuine issue of fact as to notice on its own, under her pattern or procedure theory, Rosales must come forward with additional evidence to show a pattern of incidents of the type at issue here that would provide Menards with notice that its policy of allowing two-

by-fours to be transported on the bottom of shopping carts creates tripping hazards. *See Piotrowski*, 842 F.3d at 1040 (in finding defendant entitled to summary judgment, explaining that "there was no evidence of any other incident involving rocks in the parking lot" or "any evidence of recurring escape of river rock from the planter onto the parking lot pavement or of any prior complaint of loose rock in the parking lot"); *Kozyra v. Dollar Tree Stores, Inc.*, No. 15-cv-8605, 2017 WL 2958103, at *7 (N.D. Ill. July 11, 2017) (even accepting that shopping baskets were commonly left on the floor of the store, plaintiff needed to demonstrate that the defendant did not adequately respond to these baskets to establish constructive notice). Here, the record contains no evidence of any prior complaints concerning two-by-fours being transported in any of the carts provided by Menards or any prior accidents involving shopping carts at this or any other Menards store, caused by two-by-fours or otherwise. Additionally, the Menards employees deposed in this case all indicated that they followed procedures in monitoring the aisles and removing any obstructions. None of them indicated seeing unattended carts with lumber on the day of the incident. Therefore, without a basis to find a pattern of dangerous conditions that Menards did not address, the Court cannot conclude that Menards had constructive notice of the tripping hazard in this case. *See Kozyra*, 2017 WL 2958103, at *7-8 (finding that defendant did not have constructive notice of tripping hazard posed by shopping baskets where plaintiff did not offer evidence of other trip and fall incidents and evidence showed that the store was frequently inspected). This means Rosales cannot establish an essential element of her claims, warranting the entry of summary judgment in Menards' favor.

*Rosales,* 2018 WL 2299232 at *3.

Here, as in *Rosales,* the plaintiff is arguing that since Costco had a policy of allowing customers to move large items to the registers on their own, Costco should have known that it was creating a potential hazard to other customers in the store. The plaintiff, like the plaintiff in *Rosales,* is arguing that Costco should not have allowed customers to transport large objects on their own and that, by allowing them to do so, Costco should be charged with knowledge of any hazards in its store that resulted from customers transporting large items to the check-out lanes. This argument of continuous monitoring was rejected by the *Rosales* court and should be rejected by this court.

As in *Rosales,* in order to prevail in this case, the plaintiff must come forward with additional evidence to show a pattern of incidents of the type at issue here that would provide Costco with notice that its policy of allowing customers to transport large objects to the cashiers on their own creates a hazard to other customers in the store. There is no such evidence in this case. To begin with, there is no evidence that the incident involving the plaintiff was the result of someone transporting a large item to the cashier. There is no evidence at all as to why the accident occurred. There is no evidence of any prior complaints concerning large items being transported in any of the carts provided by Costco or any prior accidents involving large items being transported on flatbeds or in shopping carts at this or any other Costco store. Given this complete lack of evidence, summary judgment should be entered in favor of the defendant on Count I of the plaintiff's complaint.

In *Piotrowski v. Menard, Inc.,* 842 F.3d 1035 (7th Cir. 2016), the plaintiff slipped on two small rocks in the parking lot of a Menards store. She filed suit alleging that her injuries were due to Menard's negligence, contending that the rocks must have come from a planter that Menards maintained outside the store. The plaintiff argued that Menards was liable because it was aware that rock was escaping the planter (since it would refill the planter with additional rocks), yet it took no remedial action to halt the escape of rock from the planter. The trial court granted summary judgment to Menards. The Seventh Circuit affirmed, noting, in part, that the plaintiff could not prove her case since there was no evidence of other incidents involving rocks in the parking lot nor was there any evidence of recurring escape of river rock from the planter onto the parking lot pavement or of any prior complaint of loose rock in the lot. *Piotrowski,* 842 F.3d at 1040.

The same in true in this case. There is no evidence of other incidents involving flatbed carts loaded with large merchandise. More than 3,600,000 shopped at the Glenview Costco in the three years before the plaintiff's accident and in that timeframe, there was a single instance where a shopping cart ran into the leg of another shopper. One incident with no similarities to the plaintiff's accident. There facts conclusively demonstrate that the incident involving the plaintiff was not reasonably foreseeable nor likely to occur and, accordingly, the defendant did not owe a duty to the plaintiff to prevent her accident from happening. As such, summary judgment is appropriate as to Count I of the plaintiff's complaint.

In *Gutterman v. Target Corp.,* 242 F.Supp.3d 695 (N.D. Ill. 2017), the minor plaintiff injured herself while riding a skateboard in the defendant's store. She filed suit and Target moved for summary judgment. Judge Lee entered summary judgment in Target's favor, finding that the plaintiff's injury was neither reasonably foreseeable nor likely to occur since the dangerous condition (a skateboard) was open and obvious. In analyzing the last two factors relevant to the duty analysis, Judge Lee stated, "…requiring Target to prevent accidents like this from happening would likely entail significant cost. Target would need to assign personnel to ensure at frequent intervals that deterrent devices remained attached to skateboards and regularly monitor the areas in which skateboards were kept to prevent them from being ridden in its stores…The consequences of such a burden could be even broader, as Target's inability to adequately police skateboard displays could require it to completely alter the manner in which it sells skateboards." *Gutterman,* 242 F.Supp.3d at 703-704.

In this case, the magnitude of the burden on Costco to guard against an injury such as the one suffered by the plaintiff would be enormous. Costco would have to completely abandon its model (a warehouse store where items are sold cheaper in bulk) and either assign an employee to

personally shop with each customer, assign numerous employees to traverse the store helping customers handle and transport the goods they want to purchase to the registers or require larger items (televisions, couches, chairs, tables, fire pits, desks, bookcases, etc.) to be handled and loaded by employees in a segregated area designed for the storage, retrieval and hand-off of large items (which would require a complete redesign of every one of the defendant's stores). The consequences of placing this burden on the defendant would likewise be enormous. Costco would have to significantly increase the number of people employed at its warehouses and/or completely redesign them—all of which would come at tremendous cost, to both the defendant and its loyal customers. Given the foregoing, this court should find that there is no duty on the part of the defendant to prevent the incident in question from happening and grant the defendant's motion for summary judgment.

One other point deserves mention. The plaintiff cannot prove proximate cause in this case. The term "proximate cause" includes two distinct requirements: that of cause in fact and that of legal cause. *First Springfield Bank & Trust v. Galman,* 188 Ill.2d 252, 720 N.E.2d 1068 (1999). To establish cause in fact, the plaintiff must allege sufficient facts to show there is a reasonable certainty that the defendant's acts were a substantial factor in bringing about her injury. *Galman,* 188 Ill.2d at 258. Legal cause, by contrast, requires proof that the injury was reasonably foreseeable as a result of the defendant's conduct. *Id.* Further, where, as here, the plaintiff's injury results from the intervening act of a third-party, and the defendant's alleged negligence did nothing more than furnish a condition by which the injury was made possible, the creation of the condition is not the proximate cause of the injury. *Id.* at 257. The policy of allowing customers to move their own purchases through the store did nothing more—arguably—than furnish a condition by

which the plaintiff's injury was made possible. As such, summary judgment on Count I of the plaintiff's complaint is appropriate.

**B.     The Defendant is Entitled to Summary Judgment on Counts II and III of the Plaintiff's Complaint**

Count II of the plaintiff's complaint is entitled "Premises Liability" and alleges that the person who struck the plaintiff with the flatbed cart was an employee of Costco. Count III of the plaintiff's complaint is entitled "*Respondeat Superior*" and also alleges that the person who struck the plaintiff was an employee of Costco. These counts further allege that this Costco employee negligently knocked the plaintiff down and that the plaintiff would not have been injured but for Costco's actions in creating an environment "where employees are required to move large items across a busy store."

It is undisputed in this case that the person who was involved in the accident with the plaintiff was another customer, not an employee of the moving defendant. The plaintiff told the Costco personnel who provided her aid after the incident that the person who hit her was another customer. The plaintiff pointed out the other customer as he was making his way through the check-out lines at the warehouse following the incident in question. The plaintiff told the reporting police officer that she was struck by a cart being pushed by another customer. There is no evidence whatsoever in this case that the person who was pushing the cart that struck the plaintiff a Costco employee.

Counts II and III of the plaintiff's complaint allege causes of action against Costco based on the alleged negligent conduct of one of employees. In light of the undisputed evidence in this case that the plaintiff was involved in an accident with another customer, and not an employee of

Costco, the defendant is entitled to summary judgment in its favor on Counts II and III of the plaintiff's complaint.

### C. The Defendant is Entitled to Summary Judgment on Count IV of the Plaintiff's Complaint

Count IV of the plaintiff's Complaint purports to state a cause of action for spoliation of evidence. The plaintiff claims that the defendant failed to preserve video from the store on the day in question and that as a result the plaintiff is unable to prove her case. In Illinois, spoliation is not an independent cause of action, but instead a form of negligence. *Boyd v. Travelers Insurance Co.,* 166 Ill.2d 188, 652 N.E.2d 267 (1995); *Castillo v. Board of Education of City of Chicago,* 2018 IL App (1st) 171053, ¶ 27. To prevail on a claim of negligent spoliation of evidence, a plaintiff must plead and prove the following: (1) the defendant owed the plaintiff a duty to preserve the evidence; (2) the defendant breached that duty by losing or destroying the evidence; (3) the loss or destruction of the evidence was the proximate cause of the plaintiff's inability to prove an underlying lawsuit; and (4) as a result, the plaintiff suffered actual damages. *Kilburg v. Mohiuddin,* 2013 IL App (1st) 113408, ¶ 21.

In *Dardeen v. Kuehling,* 213 Ill.2d 329, 821 N.E.2d 227 (2004), the court discussed a two part test for determining when there is a duty to preserve evidence. First, although the general rule is that there is no duty to preserve evidence, such a duty may arise by contract or statute, by special circumstances, or by voluntary undertaking. If the duty arises, it extends to the evidence at issue only if a reasonable person would have foreseen that the particular evidence was material to a potential civil action. *Dardeen,* 821 N.E.2d at 231. If both parts of the test are not met, then there is no duty to preserve the evidence at issue.

Here, it is undisputed that the plaintiff's accident was not caught on tape. As such, there was no evidence for the defendant to preserve. Since there was no evidence to preserve, there was no duty to preserve it. The case of *Ballerini v. Wal-Mart Stores, Inc.,* 2012 IL App (3d) 110423-U (3rd Dist. 2012)(attached hereto as Exhibit A) is particularly instructive on this score.[1] In *Ballerini,* the plaintiff tripped and fell over bag of mulch in the garden center of the store she was visiting. Plaintiff filed claims for negligence and spoliation of evidence, arguing, in regard to the second claim, that the defendant had a duty to preserve all the video footage from the security cameras located in the defendant's store and, since it failed to do so, was liable for spoliation of evidence. The trial court granted the defendant summary judgment on both claims and the plaintiff appealed.

In affirming the entry of summary judgment in favor of the defendant, the appellate court held that the plaintiff was unable to establish that the defendant owed the plaintiff a duty to preserve evidence, noting that since the undisputed evidence in the case established that there were no security cameras in the area of the garden center where the fall took place, the plaintiff could not establish that it was "reasonably foreseeable that material evidence relevant to future litigation would be contained on the surveillance footage." *Ballerini,* 2012 IL App (3d) 110423-U, ¶16. The same is true in this case. It is undisputed that there was no camera pointed toward the area where the plaintiff's accident took place and no surveillance footage of the accident. As such, Costco had no duty to preserve video surveillance from the day of the plaintiff's accident and summary judgment should be entered in the defendant's favor as to Count IV.

---

[1] Although this Rule 23 order does not have any precedential value, it is instructive on how the Illinois courts have addressed the issue of duty in a case remarkably similar to this one.

Assuming, for the sake of argument, that video footage from the store should have been preserved, the plaintiff cannot prove proximate cause. There is no evidence in this case that but for the defendant's alleged spoliation, the plaintiff had a reasonable probability of succeeding on her suit. The plaintiff was present when she was allegedly knocked down. She described what happened. She saw the person who hit her. She testified that it was another shopper who hit her. The defendant provided her counsel with the identities of the two individuals who purchased large television sets around the time of the plaintiff's accident. There would be nothing on the surveillance video that would surpass or supplement what the plaintiff experienced or the purchasing information that has been supplied. As such, proximate cause is missing from the plaintiff's spoliation claim and summary judgment should be entered in the defendant's favor on that claim.

WHEREFORE, the defendant, COSTCO WHOLESALE CORPORATION, respectfully requests that this Honorable Court enter judgment in its favor and against the plaintiff, CAROL BERKSON, as a matter of law. The defendant requests any other relief that this Honorable Court deems just and proper.

    Respectfully submitted,

    COSTCO WHOLESALE CORPORATION

    By: */s/ Bradley C. Nahrstadt*
        Bradley C. Nahrstadt, #6210713

Bradley C. Nahrstadt (#6210713)
LIPE LYONS MURPHY NAHRSTADT & PONTIKIS LTD.
230 W. Monroe Street, Suite 2260
Chicago, Illinois 60606
312-234-0435
312-726-2273 (fax)
Email: bcn@lipelyons.com

{00314598}