**IN THE UNITED STATES DISTRICT COURTFOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| CAROL BERKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-2598 |
| ) | |
| COSTCO WHOLESALE CORPORATION, ) | Hon. John J. Tharp, Jr. |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW SUPPORTING MOTION
FOR SUMMARY JUDGMENT BY PLAINTIFF, CAROL BERKSON**

NOW COMES the Plaintiff, CAROL BERKSON (the "Plaintiff"), by and through her attorney, Boris G. Samovalov, of ZANE D. SMITH & ASSOCIATES, LTD., and in Support of her Motion for Partial Summary Judgment, states as follows:

**INTRODUCTION**

Plaintiff hereby incorporates her Motion for Summary Judgment and her Rule 56.1 Statement of Material Facts (Statement of Facts), by reference, as if fully set forth in this Memorandum of Law. As alleged in the Complaint, Plaintiff was a customer of the Defendant's, COSTCO WHOLESALE CORPORATION'S (hereinafter, "Costco" or the "Defendant"), premises (the "Premises") on April 19, 2016 (the "Accident"). At that time, Plaintiff was struck by either an employee of Costco or another customer who was moving a flatbed cart that contained a large television. Since the outset of this Case, even before litigation was underway, Costco has persistently engaged in a pattern of obstruction, which includes withholding of information and even failure to preserve the most important evidence – video footage of the section of the store where the Accident occurred.

1

Specifically, Costco withheld information about the two members who potentially caused the Plaintiff's injury, until after the expiration of the two-year statute of limitations (735 ILCS 5/13-205), despite knowing their identities as early as June 27, 2016. (Statement of Facts, at Exhibit H). Costco also failed to preserve video footage of the portion of the store where the Accident occurred despite the facts that the store manager and loss prevention employee at the Premises reviewed the footage. (Statement of Facts, at ¶¶ 25-27). As a result of the foregoing, the Plaintiff is not only unable to prove her case against Costco, the Plaintiff is unable to bring suit against third parties that may have caused her injuries.

## **APPLICABLE LAW**

An action for negligent spoliation can be stated under existing law without creating new tort. *Boyd v. Travelers Insurance Co.*, 166 Ill.2d 188, 194-96. To state a cause of action for negligence, a plaintiff must plead the existence of a duty owed by the defendant to the Plaintiff, a breach of that duty, an injury proximately caused by the breach, and damages. *Id*. A defendant owes a duty of due care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action. *Id*. In a negligence action involving spoliation of evidence, a plaintiff must allege sufficient facts to support a claim that the loss or destruction of the evidence caused the plaintiff to be unable to prove the underlying lawsuit. *Id*. In a footnote, the *Boyd* court clarified a plaintiff's burden of proof for showing that spoliation caused damages:

> A plaintiff need not show that, but for the loss or destruction of the evidence, the plaintiff would have prevailed in the underlying action. **This is too difficult a burden,** *as it may be impossible to know what the missing evidence would have shown*. A plaintiff must demonstrate, however, that but for the defendant's loss or destruction of the evidence, the plaintiff had a reasonable probability of succeeding in the underlying suit.
>
> *Boyd*, 166 Ill.2d at 196, fn2.

Furthermore, Illinois law is well settled in that once a party is aware of potential litigation involving specific evidence that party has a duty to preserve all evidence that may be relevant to the litigation. *See generally Graves v. Daley*, 172 Ill.App.3d 35 (3rd Dist. 1988). Indeed, discovery sanctions can be imposed even if the relevant evidence is lost or destroyed before initiation of a lawsuit. *See generally Id.*; *see also Kambylis v. Ford Motor Co.*, 338 Ill.App.3d 788. (driver who failed to preserve the allegedly defective vehicle was barred from presenting any evidence regarding the vehicle and, therefore, was unable to overcome a motion for summary judgment).

## **ARGUMENT**

The operative facts of this Case are on all fours with the facts of *Graves*. In that case, the plaintiff, an insurance company, as subrogee of a claim paid to its insureds, sought review of a judgment from the trial court, which granted summary judgment to defendants, a furnace company and a furnace installer. The insurance company sought reimbursement for damages to its insured home that resulted from a fire that it alleged resulted from a defective furnace. After an investigation and examination of their insureds' furnace, they determined that the furnace was the cause of the fire. Prior to trial, the plaintiff allowed its insureds to dispose of the subject furnace. The furnace manufacturer and installer contended that the insurance company's products liability suit should be dismissed because they were not given the chance to inspect and test the furnace. The Appellate Court agreed and affirmed the trial court's award of summary judgment to the defendants. The Appellate Court held that the preservation of the allegedly defective furnace was necessary in both proving and defending against the insurance carrier's claims. *See supra Graves*, 172 Ill.App. 3d at 39.

Here, just as the plaintiffs' expert and the Illinois Division of Arson, in *Graves*, inspected the furnace at issue in that case and made the determination that it was the source of the fire, Costco (through its agents Paul Solsnes and Darras Miller) reviewed the video footage (the "Incriminating Footage") of the portion of the store where the Accident occurred some time before the litigation was initiated. To that end, Costco conveniently made the determination that the cameras near the location where the Accident occurred did not capture any pertinent portion of the video. However, Costco's actions are even more egregious than the conduct of the plaintiff in *Graves*. Notably, Costco went ahead and chose not to preserve the Incriminating Footage without showing it to the Plaintiff while representing to the Plaintiff in a letter that "any and all evidence has been properly secured and is part of the claim file." (Statement of Facts, at Exhibit H). Moreover, despite knowing the identities of other potential defendants, as early as June of 2016, Costco, for no apparent reason, withheld their information from the Plaintiff until after the expiration of the statute of limitations – making it impossible for Plaintiff to seek relief elsewhere. As a result of Costco's egregious conduct, the Plaintiff is unable to prove her claims in Count III against Costco as she has no evidence to support her claim that a Costco employee struck her with a flatbed. Moreover, Plaintiff is unable to assert any claims against other parties, since the two-year statute of limitations had expired and since said parties no longer have any recollection of what happened. (Statement of Facts, at ¶¶ 27-28).

## **CONCLUSION**

Costco should be barred from presenting any evidence or testimony that its agent or employee did not cause Plaintiff's injury and that there was no video footage of the Accident. Further, Plaintiff should be awarded a judgment in her favor on Count IV of the Complaint (Spoliation). To hold otherwise would lead to a preposterous result where litigants are encouraged

4

to destroy electronic or video evidence, or allow it to be lost, just so that later they could claim that relevant conduct was not captured by such evidence.

WHEREFORE, Plaintiff, CAROL BERKSON, prays that this Honorable Court enter an Order granting Partial Summary Judgment, as to liability, in her favor, and granting any other relief deemed appropriate and just.

>Respectfully submitted,
>
>CAROL BERKSON, *Plaintiff*
>
>By: /s/ Boris G. Samovalov
>One of the Attorneys for Plaintiff

Zane D. Smith
Boris G. Samovalov
ZANE D. SMITH & ASSOC., LTD.
221 North LaSalle Street, Suite 1320
Chicago, IL 60601
(312) 245-0031
boris@zanesmith.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2019, I electronically filed the foregoing document with the clerk of the Court of the Northern District of Illinois, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this Case.

>/s/ Boris G. Samovalov