IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROL BERKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18-CV-2598 |
| | ) |
| COSTCO WHOLESALE CORP., | ) Judge John J. Tharp, Jr. |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Carol Berkson sued Costco Wholesale Corporation ("Costco") for premises liability, negligence, and negligent spoliation following an accident in which an individual's flatbed cart collided with her shopping cart. Costco has moved for summary judgment on all counts, and Berkson has moved for partial summary judgment as to the negligent spoliation count. For the reasons discussed below, this Court grants Costco's motion for summary judgment.

**BACKGROUND**[1]

---

[1] Facts are taken from the parties' respective statements of fact and are not disputed except where noted. At the outset, however, the Court notes that Berkson's responses to Costco's statement of facts illustrate several common errors that should be avoided. First, Berkson's responses fail to include the text, or a summary of the text, of the statement of fact that the response relates to, as required by Local Rule 56.1(b)(3)(A); while this error may have little substantive import, it nevertheless makes it significantly more difficult for the Court to determine which facts are undisputed. Second, a number of Berkson's responses employ a phrase to the effect of "admit that is what the document says," or "that's what the witness said," even when the fact that was asserted was not limited to what the document or witness said; a proper response must respond to the fact actually asserted and, if denied, point to contrary evidence in the record on which the denial is based. *See* Local Rule 56.1(b)(3)(B). As a result, some of Berkson's responses have been deemed to be admissions notwithstanding Berkson's attempt to qualify her admissions by these devices.

On April 9, 2016, Ms. Carol Berkson went shopping by herself at Costco in Glenview, Illinois. Def.'s Statement of Material Facts ("SMF") ¶¶ 13-14. Berkson procured a shopping cart before heading towards the food aisles. *Id.* ¶¶ 15-16. While passing by the television section at the front of the store, Berkson's cart was struck by either an individual's flatbed cart or the large box loaded onto the cart and protruding from it. Compl. ¶ 7. Berkson hit her head on her cart and collapsed to the ground. *Id.* ¶ 8; Def.'s Ex. E at 36:9-13. Berkson did not see the flatbed cart or the individual pushing it prior to the collision. Def.'s SMF ¶¶ 19-20.

Three Costco employees responded to Berkson's fall, including Manager Vivian Gabriel and employee Ira Ryan Gerber. Def.'s SMF ¶ 22. Gerber called 911 to file a police report, but did not request an ambulance for Berkson. Compl. ¶ 14; Def's Ex. I at 15:4-16, ECF No. 55-9. While waiting in the middle of the store, Berkson called her daughter, Lisa Bernstein, informed her about what had happened, and asked her to call an ambulance. Compl. ¶ 15. Her daughter's husband, Bruce Bernstein, called 911 to request an ambulance and was told by the dispatcher that a Costco employee had informed them an ambulance was not required. *Id.* ¶ 16. After the responding police officer arrived, about an hour later, employees moved Berkson to the loss prevention office in a wheelchair. *Id.* ¶ 18; Def.'s Ex. E at 49:8-14, ECF No. 55-5. Shortly thereafter, the ambulance arrived and transported Berkson to the Glenbrook Hospital Emergency Room. Compl. ¶ 19.

Both parties agree that Berkson fell after her shopping cart was struck by a flatbed cart, but they dispute whether the individual at the other cart's helm was a Costco employee or another customer (or "member" in Costco terminology). Berkson testified that the man who collided with her had a "workman's badge" around his neck, leading her to think that he perhaps worked there. Def.'s Ex. E at 33:10-20. Berkson also testified, however, that following the accident, the unidentified man whose cart struck Berkson apologized to her and stated, "I didn't realize my

2

purchase was too large for the cart," before walking away. Def.'s Ex. E at 37:21-24; 38:1-4. On the day of the accident, moreover, Berkson informed her daughter, Gabriel, Gerber, and the responding police officer that another customer had hit her. Def.'s SMF ¶¶ 31, 35, 41, 66.[2]

Five days after the accident, on April 21, 2016, Attorney John Bickley sent a letter to Costco, requesting that it preserve "any and all video recording evidence of the incident, the checking out of an individual purchasing a television set between 4:45 and 5:15, and any individual leaving the store during the aforesaid time period to include video recordings of the parking lot." Def's Ex. Q, ECF No. 55-17, at 10. Six months later, on October 27, 2016, another attorney (from a different firm), Boris G. Samovalov, sent a letter to Costco, requesting the preservation of "all materials, video footage, and documents in your possession that may serve as evidence in any claim or lawsuit" related to the accident. *Id.* at 11. On January 18, 2017, Mr. Samovalov sent a third letter to Costco purporting to confirm Costco's agreement to preserve video footage of the incident. *Id.* at 34. On January 24, 2017, Costco's third-party claims administrator informed Berkson's counsel that they could not produce the video, but that "any and all evidence has been properly secured and is part of the claim file." *Id.* at 36.

Costco's video security system retains footage for 30 days. Def.'s Ex. L at 8:15-17. Any letters requesting video footage are forwarded to Costco's legal department, which in turn directs the loss prevention manager about how to proceed. *Id.* at 8:22-24; 9:1-4. Costco's loss prevention

---

[2] This is an example of Plaintiff's improper responses to Defendant's statement of facts, as discussed in Note 1, above. Defendant's statement number 31 reads: "On the day of the accident the plaintiff told her daughter that the person who was pushing the cart with the television on it was another customer in the store." Plaintiff responded: "Admit that this is what Lisa Bernstein recalls being told." But the defendant's statement did not assert what Bernstein recalled being told; it asserted a fact: Berkson told her daughter that another customer had collided with her. Because Berkson failed to deny the statement and identify other record evidence that contradicts it, Costco's statement of fact—that Berkson told her daughter that another customer collided with her—is deemed admitted.

manager and warehouse manager reviewed the video footage from the day of Berkson's accident together. *Id.* at 43:20-23. Both testified that the store's security cameras were not pointed at the area where the accident took place and therefore did not capture any footage of the accident. *Id.* at 43:17-19; Def.'s Ex. K at 26:4-12; Def.'s Mem. in Support of MSJ, ECF No. 54, at 3. Costco's loss prevention staff also informed the responding police officer that there was no footage of where the incident occurred, as reflected in the police report. Def.'s Ex. N at 3, ECF No. 55-14.

Berkson filed suit against Costco in the Circuit Court of Cook County on January 17, 2018, which Costco then removed to this Court. Notice of Removal ¶ 1, ECF No. 1. Jurisdiction is secure because Berkson is an Illinois citizen, while Costco is incorporated in the state of Washington and operates its principal place of business there. *Id.* ¶¶ 4-5. Moreover, Berkson seeks $100,000 in damages as a result of the accident. *Id.* ¶ 6. After the close of discovery, Costco moved for summary judgment. Berkson has opposed the motion in part and moved for partial summary judgment.

## DISCUSSION

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 661 (7th Cir. 2016). In reviewing a motion for summary judgment, the Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and . . . draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Donald v. Wexford Health Sources*, 982 F.3d 451, 457 (7th Cir. 2020). Importantly, however, to defeat a motion for summary judgment, the nonmovant must still present affirmative evidence sufficient to support a verdict in

4

its favor; "it is not sufficient for a plaintiff, who bears the ultimate burden of proof at trial, simply to assert that a jury may disbelieve the defendant." *McCann v. Badger Mining Corp.*, 965 F.3d 578, 592 (7th Cir. 2020); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

Berkson brings four related counts against Costco: premises liability, predicated on allegations that she was injured by a customer; premises liability, pled in the alternative that she was injured by a Costco employee; negligence based on respondeat superior; and negligent spoliation. The Court will address these counts in turn, though it bears noting at the outset that Berkson concedes (in both her response to Costco's summary judgment motion and in her own motion) that she has failed to prove her liability claim against Costco—a failure she blames on Costco's alleged spoliation. See Pl.'s Resp. to Def.'s MSJ at 9, ECF No. 73 ("[T]he Plaintiff is unable to prove her claims against Costco as she has no evidence to support her claim that a Costco employee struck her with a flatbed."); Pl.'s Mem. in Support of MSJ at 2, ECF No. 62 (Plaintiff is "unable to prove her claims against Costco").

## I. Premises Liability

Businesses have a duty to invitees to maintain their premises in a reasonably safe condition and thereby prevent injuries. *Kozyra v. Dollar Tree Stores*, No. 15-cv-8605, 2017 WL 2958103, at *8 (N.D. Ill. July 11, 2017). To prevail on a premises liability claim under Illinois law,[3] the plaintiff bears the burden of proving: "(1) the existence of a condition that presents an unreasonable risk of harm to persons on the premises; (2) that the defendants knew, or should have known, that the condition posed an unreasonable risk of harm; (3) that the defendants should have anticipated

---

[3] Though neither party discusses choice of law explicitly, they agree that Illinois law is the substantive law that applies in this case. *See* Pl.'s Mem. in Support of MSJ at 3 (citing Illinois law under "Applicable Law" section); Def.'s Mem. in Support of MSJ (citing exclusively Illinois case law).

5

that individuals on the premises would fail to discover or recognize the danger or otherwise fail to protect themselves against it; (4) a negligent act or omission on the part of the defendant; (5) an injury suffered by the plaintiff; and (6) that the condition of the property was a proximate cause of the injury to the plaintiff." *Barrios v. Fashion Gallery, Inc.*, 255 F. Supp. 3d 728, 731 (N.D. Ill. 2017) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2016)). Notice is generally crucial to a premises liability claim: "Absent the landowner's actual or constructive knowledge of dangerous or defective conditions on the premises, there is no premises liability." *Barrios*, 255 F. Supp. at 731.

In staking out her case for premises liability, Berkson argues that Costco was aware of the unreasonable risk of harm its warehouse environment and customer use of flatbed carts presented. According to Berkson, Costco should have foreseen that customers would not anticipate the danger they placed themselves in by shopping alongside inexperienced customers transporting large items. Berkson alleges that Costco failed to exercise reasonable care to guard against this risk, such as disclosing to invitees that they were entering a dangerous environment. Berkson's analysis does not change in pleading in the alternative that a Costco employee, rather than a customer, collided with her. Costco counters that Berkson has failed to establish premises liability because she has not presented evidence that the accident was caused by a customer moving a large object around the store by himself; Costco did not have notice of any similar prior incidents; and Costco did not have a duty to guard against all possible risks to its customers.

Contrary to Berkson's reasoning, the premises liability analysis does vary depending on whether it was a customer or a Costco employee who struck Berkson. That is because a plaintiff is excused from proving actual or constructive notice where a defendant's own negligence created the dangerous condition. *Barrios*, 255 F. Supp. 3d at 731. A dangerous condition is "inherently

6

dangerous" and need not be affixed to the premises. *Donald v. Target Corp.*, No. 15 C 5714, 2016 WL 397377, at *3 (N.D. Ill. Feb. 2, 2016). While not identified in the briefs, the dangerous condition here appears to be the improper operation of the flatbed cart that collided with Berkson. Accordingly, if Berkson provided evidence that a Costco employee was pushing the flatbed cart that struck her, the notice consideration would be unnecessary. To show that a defendant created the dangerous condition, the plaintiff must "(1) demonstrate that the [condition] was related to the defendant's business, and (2) offer some further evidence, direct or circumstantial, however slight . . . from which it could be inferred that it was more likely that defendant or his servants, rather than a customer" who created the condition. *Kozyra*, 2017 WL 2958103, at *5.

Applying this standard here, it is undisputed that the dangerous condition—the operation of the flatbed cart—was related to Costco's business. But Berkson has offered no evidence, either direct or circumstantial, from which it could be inferred that it was more likely that the cart was operated by a Costco employee than a customer. The only evidence suggesting that the individual was a Costco employee is Berkson's testimony that the individual wore a workman's badge around his neck. Def.'s Ex. E at 33:18-20. Yet, when asked whether she knew if the individual worked at Costco, Berkson replied, "I have no idea. I don't know." *Id.* at 33:21-22. Berkson thus stopped well short of identifying the individual as a Costco employee. At most, Berkson has argued that it was **possible** a Costco employee struck her. Even so, identifying a possibility cannot support a finding that it was more likely than not a Costco employee who struck Berkson. *See Kozyra*, 2017 WL 2958103, at *5 (finding that although plaintiff had presented a "*possible* way" in which the defendant's employee had created the dangerous condition, it did not allow for an inference that it was more likely created by an employee than a customer). Accordingly, Berkson has not provided sufficient evidence from which to infer that Costco created the dangerous condition.

7

By contrast, evidence abounds that the individual whose cart collided with Berkson's was a customer. There is no material dispute that, just after the accident, Berkson told no less than four people—her daughter, store manager Gabriel, store employee Gerber, and the responding police officer—that another customer collided with her. Def.'s SMF ¶¶ 31 (daughter); 35 (Gerber); 41 (Gabriel); 66 (officer). According to Gabriel, after her fall, Berkson pointed at the check-out registers and stated, "That member hit me." Def.'s Ex. J at 25:22-23. The police report reflects the same account, noting that Berkson told the responding police officer that another customer had run into her with their shopping cart. Def.'s Ex. N at 2. Berkson's testimony varies only slightly from those above, as she asserted that it was Gabriel, not herself, who gestured towards the registers at the customer who hit her, Def.'s Ex. E at 48:1-8, but she did not disagree with Gabriel's reference to a customer rather than an employee. This uncontradicted evidence compels the conclusion that it was a customer, rather than a Costco employee, who was pushing the flatbed cart when it collided with Berkson's cart and warrants summary judgment for Costco on Count II.

If the condition was not defendant-created, a plaintiff may establish that the defendant had actual or constructive notice of the dangerous condition to establish premises liability. Actual notice requires evidence that the defendant or its employees were notified of the dangerous condition prior to an accident. *Haslett v. United Skates of America, Inc.*, 2019 IL App (1st) 181337 ¶ 52, 136 N.E.3d 172, 185 (finding no actual notice where there was no testimony indicating that an employee was aware of candy on a roller-skating rink before plaintiff's fall). To establish constructive notice, a plaintiff can either provide evidence that "(1) the dangerous condition existed for a sufficient amount of time so that it would have been discovered by the exercise of ordinary care, or (2) the dangerous condition was part of a pattern of conduct or a recurring incident." *Kozyra*, 2017 WL 2958103, at *6.

8

Actual notice does not apply in this case because Berkson has not offered any evidence that Costco or its employees were on notice of the danger of customers using flatbed carts generally, or of a particular customer using a cart recklessly, prior to the accident. Gabriel, who fielded customer complaints in her managerial role, testified that she had never received any complaints about the flatbed carts or Costco's procedures for customers moving items around the store. Def.'s Ex. J at 30:19-24.

In terms of constructive notice, Berkson has not provided evidence that the dangerous condition existed for enough time that employees should have discovered it. Because there is no evidence that anyone witnessed the accident other than Berkson and the individual who struck her, there is no telling whether this individual was pushing the flatbed cart around the store for 30 seconds or 30 minutes. Further, Berkson has not established that injuries arising from the use of flatbed carts at Costco is a recurring incident or pattern. Costco identified only one similar incident in the past five years at the Glenview location, a 2013 incident in which a customer's leg was struck by another customer's shopping cart.[4] Berkson asserts that a "jury could find that Costco is not being honest about the number of complaints and reports it received regarding shopping carts." Pl.'s Resp. to Def.'s MSJ at 5. That is not the case, however, because Berkson has not provided any evidence to dispute Costco's history of cart-related injuries. As noted above, a plaintiff cannot defeat summary judgment merely by arguing that a jury might not find the defendant's evidence credible; the plaintiff must adduce affirmative evidence sufficient to support a jury's verdict in the plaintiff's favor. In this context, that means Berkson is required to present some affirmative

---

[4] The Glenview Costco averages 3,500 customers per day and 1.2 million customers per year. Def.'s SMF ¶ 69. Even assuming the injury that occurred three years earlier was comparable, two injuries in five years suggests that the risk of injury from a cart collision was infinitesimal (2/6 million customers = 0.0000003%) and certainly insufficient to provide constructive notice.

9

evidence to show that Costco had actual or constructive notice of the risk that Berkson would be injured as the result of a cart collision. She has adduced no such evidence, and, accordingly, summary judgment on Count I is granted in favor of Costco.

## II. Negligence

Berkson's negligence theory of liability is premised on the fact that a Costco employee struck her. Specifically, Berkson alleges that the Costco employee was acting within the scope of his employment when he negligently collided with her. To survive a motion for summary judgment, a plaintiff must have a genuine dispute of material fact, "such that a reasonable jury could return a verdict for the nonmoving party." *Whiting*, 839 F.3d at 661. As discussed above, Berkson has offered no affirmative evidence that the individual who struck her was a Costco employee. Her testimony that the individual wore a workman's badge is insufficient to create a factual dispute. In other words, a jury could not find on the basis of this testimony alone that the individual was a Costco employee. Accordingly, Ms. Berkson's negligence count fails as well.

## III. Negligent spoliation

Acknowledging the shortcomings in the evidence she has presented to support her claim against Costco, Ms. Berkson alleges that Costco is liable for negligent spoliation because it failed "to preserve the most important evidence—video footage of the section of the store where the Accident occurred."[5] Pl.'s Mem. in Support of MSJ at 1, ECF No. 62. Under Illinois law, negligent

---

[5] Berkson also argues for the first time in her motion for summary judgment that Costco is liable for spoliation in failing to timely disclose the names of two customers who might have been the individual involved in the collision. Putting aside the fact that a motion for summary judgment is not the appropriate place to first raise a complaint about the timeliness of discovery responses, Ms. Berkson's argument also lacks factual support. Costco spells out the timeline in its response: The Circuit Court of Cook County rejected Berkson's motion to compel the identification of potential customers involved in the incident, as part of Berkson's petition for limited pre-suit discovery, in July 2017. Berkson did not file her complaint against Costco until January 17, 2018 and did not file her written discovery requests, including a request for documents related to

spoliation is not an independent tort, but a type of negligence. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509-10 (7th Cir. 2007). To prevail on a negligent spoliation claim, the plaintiff must therefore plead and prove the elements required of negligence: duty, breach, causation, and damages. *Daleus v. Target Corp.*, No. 10 C 4100, 2012 WL 3835836, at *4 (N.D. Ill. Sept. 4, 2012).

Whether the defendant owes a duty to the plaintiff to preserve evidence is a two-pronged analysis. First, in what is known as the "relationship prong," a duty to preserve evidence arises "through an agreement, a contract, a statute, a 'special circumstance,' or by affirmative conduct." *Id.* at *4; *Smith v. Shipping Utilities, Inc.*, No. Civ. 05-500-GPM, 2005 WL 3133494, at *2 (S.D. Ill. Nov. 23, 2005). Second, in the "foreseeability prong," whether that duty applies to the evidence in question depends on if a reasonable person in the defendant's position should have foreseen that the evidence was material to a possible civil action. *Smith*, 2005 WL 3133494, at *2. If a plaintiff does not establish both the relationship and foreseeability elements, then the defendant has no duty to preserve the evidence at issue. *Shelvy v. Wal-Mart Stores, Inc.*, No. 11 CV 9176, 2013 WL 251427, at *2 (N.D. Ill. Jan. 23, 2013).

Berkson did not have an agreement or contract with Costco that would have given rise to a duty on Costco's part to preserve video footage. Yet, Illinois courts have recognized that a "very specific and limited demand" notifying the defendant "not to alter, repair, destroy, or modify" particular evidence qualifies as a "special circumstance." *Id.* at *4 (quoting *Olivarius v. Tharaldson Property Mgmt, Inc.*, 695 F. Supp. 2d 824, 830 (N.D. Ill. 2010)). Here, Attorney John Bickley's April 21, 2016 letter requesting that Costco preserve "any and all video recording

---

customer identification, until six months after that. By that time, the two-year statute of limitations to bring an action against the unidentified customer had already expired. Berkson's failure to diligently pursue this discovery request does not give rise to a viable spoliation claim.

11

evidence of the incident, the checking out of an individual purchasing a television set between 4:45 and 5:15, and any individual leaving the store during the aforesaid time period to include video recordings of the parking lot" was specific enough to place Costco on notice not to destroy or alter the requested footage. The problem for Berkson, however, is that Bickley asked Costco to preserve video of "the incident," not video of a particular area of the store.[6] A request to preserve specific evidence does not give rise to a duty to preserve evidence beyond the scope of that request. *See Hart v. Amazon.com, Inc.*, No. 15-C-01217, 2015 8489973, at *6 (N.D. Ill. 2015) ("[A] potential defendant . . . has no duty to preserve evidence if the plaintiff does not specifically ask the defendant to preserve the evidence before it is destroyed in the ordinary course of business."); *Olivarius*, 695 F. Supp. 2d at 830 (finding no duty to preserve evidence where plaintiff sent defendant four letters regarding incident but did not specifically request preservation of particular records). Bickley's demand constitutes a "special circumstance" that satisfies the relationship prong, but only to the extent that he defined that relationship. Costco had no agreement or other relationship with Berkson that required it to preserve video from a particular area of the store or a specific camera.[7]

The issue is thus whether a reasonable person in Costco's position should have foreseen that the requested video footage—video "of the incident"—would have been material to a potential

---

[6] Berkson's spoliation claim focuses on Costco's failure to produce video of the area of the store where the collision occurred, and makes no argument as to any prejudice arising from a failure to preserve video of the checkout area and the parking lot. Accordingly, the Court limits its consideration of her spoliation claim accordingly.

[7] Six months after Bickley's preservation request, Berkson's new counsel made a broader request that Costco preserve (among other evidence) all video footage "that may serve as evidence relating to [Berkson's] injuries and claims against Costco." Def.'s Ex. Q, ECF No. 55-17, at 11. Whether this request was too broad or vague, it is undisputed that Costco's standard retention policy for video footage was 30 days, so any video from the store on the date of Berkson's accident had long since been deleted by the time of the second preservation request.

12

civil action. Video of "the incident" obviously qualifies on this score, but here Berkson's spoliation claim runs into its second insurmountable obstacle: Costco's security cameras recorded no video footage of "the incident." Both Costco's loss prevention manager and warehouse manager testified that they did not find any footage of the accident after reviewing that day's security camera recordings. Berkson doesn't believe this testimony, but she has not offered any evidence to create a material fact dispute about whether there was any video of Berkson's collision. She points only to the claim administrator's letter, which states that "any and all evidence has been properly secured and is part of the claim file." Pl.'s Mem. in Support of MSJ at 4. Nowhere in the letter, however, does the claim administrator state that there was ever a video recording of the incident, much less that such a recording was part of the claim file. Def.'s Ex. Q, ECF No. 55-17, at 36.

Put simply, Costco could not spoil evidence that did not exist. Where a video camera fails to capture an incident in question, Illinois courts have held that the duty to preserve evidence is obviated. *See Ballerini v. Wal-Mart Stores*, No. 3-11-0423, 2012 WL 7006998, at *4 (Ill. App. Ct. May 8, 2012) (finding that it was not reasonably foreseeable to preserve video surveillance footage from the day of an accident where there were no cameras pointed at the area where the accident took place); *Bulduk v. Walgreen Co.*, 2015 IL App (1st) 150166-B ¶ 28, 63 N.E.3d 975, 982-83 (finding no duty to preserve video recording where cameras did not record plaintiff's accident). Berkson protests that "[our] legal system would be in trouble" if parties had to rely on representations of opposing parties about the existence of probative evidence in their possession. Pl.'s Reply in Support of MSJ at 5, ECF No. 78. Not so. Parties in litigation must regularly rely on such representations made in response to discovery requests. Parties can, and do, test such

representations but, in the absence of any evidentiary basis to counter them, they stand.[8] And so, here, where the plaintiff has adduced no evidence to counter the defendant's contention that there was no video footage of the incident on which this case is based, Costco's evidence—which includes sworn testimony of two employees and evidence of consistent contemporaneous statements made to the police officer who responded to the incident—is unrebutted and warrants summary judgment in Costco's favor on Ms. Berkson's spoliation claim.

What's more, Berkson has not made the requisite showing that she had a reasonable probability of winning her case but for the defendant's alleged spoliation. *See Boyd v. Travelers Ins. Co.*, 166 Ill. 2d 188, 196, 652 N.E.2d 267, 271 n.2 ("A plaintiff must demonstrate . . . that but for the defendant's destruction of the evidence, the plaintiff had a reasonable probability of succeeding in the underlying suit.") Berkson argues that as a result of Costco's alleged spoliation, she is unable to prove her negligence claim "as she has no evidence to support her claim that a Costco employee struck her with a flatbed." Pl.'s Mem. in Support of MSJ at 4, ECF No. 62. But, as discussed above, the evidence overwhelmingly indicates that it was a customer, not a Costco employee, who struck Berkson with his cart. Thus, even if video footage capturing the accident existed, Berkson has provided no reason to believe that the video would show that a Costco employee, rather than a customer, was responsible for the collision. Summary judgment is therefore granted to Costco as to Count IV.

*    *    *    *    *

---

[8] Berkson was not without means of challenging Costco's representation about the lack of video footage of the incident. Her counsel obtained sworn testimony from relevant Costco employees about the issue, for example. Other steps might also have been available; the record does not reflect, for example that Berkson ever attempted to obtain specific information about the camera locations, how they were controlled, or what portion of the store the relevant camera(s) were recording at the time of the incident.

For the reasons set forth above, Costco's motion for summary judgment is granted and Ms. Berkson's motion for summary judgment is denied. Final judgment will be entered in Costco's favor.

Dated: January 11, 2020

John J. Tharp, Jr.
United States District Judge